**In re Joan KENNEDY, Debtor.**

**Joan KENNEDY, Plaintiff,**

v.

**PHILADELPHIA ELECTRIC COMPANY and Max Schwartz, Trustee, Defendants.**

**Bankruptcy No. 84–01602K.**
**Adv. No. 84–0741K.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Jan. 9, 1985.

Michael Donahue, Chester, Pa., for debtor.

Max Schwartz, Philadelphia, Pa., trustee.

Chas. V. Stoelker, Jr., Philadelphia, Pa., for defendant/PECO.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The debtor commenced the instant adversary action to recover an alleged preferen-

tial payment from Philadelphia Electric Company ("PECO"). Cross-motions for summary judgment have been filed by both the debtor and PECO. Upon due consideration of the memoranda of law filed by the parties, we find that triable issues of fact exist with regard to the establishment of a preference. Therefore, summary judgment will be denied.

The facts of the controversy are as follows:

In April 1984, Joan Kennedy ("debtor") applied for a fuel assistance grant from the Department of Public Welfare ("DPW") of the Commonwealth of Pennsylvania under the Low Income Energy Assistance Program ("LIEAP"). The program is designed to assist low-income households with energy costs.[1] In Pennsylvania, a low-income resident may apply for assistance with fuel bills during the heating season. Upon a determination that certain eligibility requirements have been met, the DPW makes one annual payment to the utility company in a designated amount on behalf of that household.

In this case, the DPW found the debtor eligible for a $246.00 LIEAP grant and made the payment directly to PECO on May 2, 1984. PECO applied the payment toward the pre-petition debt owed by the debtor.

On May 18, 1984, the debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code ("Code"). The $246.00 payment to PECO was listed as an asset on Schedule B-2 and was claimed as exempt on Schedule B-4, pursuant to 11 U.S.C. § 522(d)(5).[2] Upon the filing of the bankruptcy petition, PECO assigned a new account number to the debtor.

The debtor commenced this action on July 10, 1984 to recover the $246.00 payment from PECO as a preferential transfer under section 547 of the Code. The debtor argues that PECO's application of her LIEAP grant to her pre-petition debt constitutes a preference under section 547 and, furthermore, that the LIEAP grant should be applied instead to her post-petition account with PECO. In PECO's answer to the complaint, PECO claims that LIEAP grants paid to utilities on behalf of eligible households are not part of a debtor's estate and should not be listed as assets on Schedule B-2. Thus, PECO argues, its application of the debtor's LIEAP grant toward the satisfaction of her pre-petition debt does not constitute a preference under section 547 and may not be exempted under 11 U.S.C. § 522(d)(5).

Section 547(b) of the Code permits the trustee to avoid any transfer of *property of the debtor* if the following five (5) requirements are established:

(1) the transfer was to or for the benefit of a creditor;

(2) the transfer was for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) the transfer was made while the debtor was insolvent;

(4) the transfer was made

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

---

**1.** The LIEAP provides for direct grants to states from a federal appropriation for the purpose of giving financial assistance to eligible households to offset the cost of energy. The program is implemented by regulations promulgated by the Secretary of the Department of Health and Human Services. As a condition precedent to a state receiving funds under the LIEAP, the state must submit to the Secretary a plan outlining the state's intended scheme for implementation of the program. In Pennsylvania, the plan was submitted and became effective on November 12, 1980.

**2.** At the time of the filing of the petition, section 522(d)(5) of the Code provided as follows:

The following property may be exempted under subsection (b)(1) of this section:

(5) The debtor's aggregate interest, not to exceed in value $400 plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property.

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) the transfer enables the creditor to receive more than such creditor would receive if—

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

Section 522(h) of the Code allows the debtor to avoid a transfer of property of the debtor ... to the extent that the debtor could have exempted such property under subsection (g)(1) of section 522 if the trustee had avoided such transfer, *if*

(1) such transfer is avoidable by the trustee under section ... 547 ... and

(2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h).

Fed.R.Civ.P. 56, made applicable to this proceeding through Bankruptcy Rule 7056, governs requests for summary judgment. Pursuant to Fed.R.Civ.P. 56(c), summary judgment should be granted if the pleadings, depositions, answers to interrogatories, admissions and affidavits indicate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

■ On a motion for summary judgment, it is the function of the Court to determine whether a triable issue exists, rather than to resolve the issue. *Lockhart v. Hoenstine,* 411 F.2d 455 (3d Cir.1969), *cert. denied,* 396 U.S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244 (1969). The fact that cross-motions for summary judgment are presented does not change the standard and does not warrant the granting of summary judgment unless one of the moving parties is entitled to judgment as a matter of law on facts that are not generally disputed. *Manetas v. International Petroleum Carriers, Inc.,* 541 F.2d 408 (3d Cir.1976), *cit-*

*ing Rains v. Cascade Industries, Inc.,* 402 F.2d 241 (3d Cir.1968); *F.A.R. Liquidating Corp. v. Brownell,* 209 F.2d 375 (3d Cir. 1954).

■ The instant action by the debtor to recover a preferential payment from PECO is premised on the inclusion of fuel assistance grants such as the one received by the debtor in this case within the definition of property of the estate under 11 U.S.C. § 547(b). At the time of the filing of the cross-motions for summary judgment, the issue of whether a LIEAP grant to an eligible person is includible within that person's bankruptcy estate for the purposes of title 11 was on appeal in the case of *In re Morris,* 32 B.R. 635 (Bankr.E.D.Pa.1983). PECO moved for summary judgment and dismissal of the debtor's complaint on the basis that the debtor's LIEAP grant was not includible within her bankruptcy estate and thus could not be recovered as a preference.

United States District Judge Lord recently decided the issue of whether a LIEAP grant is includible within the definition of property of an estate in the affirmative. *See Morris v. Philadelphia Electric Company,* 45 B.R. 350 (E.D.Pa.1984). Judge Lord held that LIEAP funds paid to a utility for the benefit of a debtor are property of that debtor's estate, stating:

Both the clear language of the Code and the relevant case law support plaintiff's contention that their LIEAP payments are property under the Code. The Code's broad definition of property includes all legal or equitable interests in property and there is no reason to think that it does not include property interests recognized by the Constitution.

*Id.* at 352.

In making the above determination, Judge Lord observed that the LIEAP funds in the *Morris* case, which involved a plaintiffs' class action suit, should be applied to the debtors' post-petition accounts with PECO:

Once plaintiffs filed for bankruptcy they were no longer under a legal obligation to pay PECO the pre-petition debt they

had incurred. By applying plaintiffs' LIEAP payments to plaintiffs' dischargeable utility bills, PECO defeated the underlying purpose of the LIEAP. Instead of LIEAP funds being used to pay post-petition debts which plaintiffs still have an obligation to satisfy, the funds were used to offset debts plaintiffs had no legal obligation to pay. PECO collected on an otherwise uncollectable debt, while plaintiffs gained no relief in meeting their legal obligations. Far from being "fully compensated" plaintiffs were not compensated in the least when their LIEAP funds were used to offset their pre-petition obligations to PECO.

*Id.* at 354.

■ There is a factual distinction between the *Morris* case and the case at bench in that the LIEAP payments in *Morris* were made to PECO and PECO credited the payments to the debtors' pre-petition accounts *after* the petitions in bankruptcy were filed. In the case at bench, the LIEAP payment to PECO and the crediting of the debtor's pre-petition account occurred *prior* to the filing of the bankruptcy petition. This distinction necessitated the filing of a complaint by the debtor in this case to recover the $246.00 payment as a preference and placed the burden on the debtor to prove the five (5) elements of a preference under 11 U.S.C. § 547(b). The answer of PECO to the complaint denies the preference allegations in the complaint solely on the basis that the LIEAP grant was not property of the estate, never addressing the five (5) elements of a preference action under 11 U.S.C. § 547(b). Since there may be triable issues of fact regarding the establishment of the five (5) elements of section 547(b) now that the issue of whether LIEAP grants are to be considered property of a debtor's estate has been settled, we conclude that neither the debtor nor PECO is entitled to judgment as a matter of law. In order to delineate the issues, we will direct PECO to file an amended answer setting forth the issues in controversy and direct the Clerk of the United States Bankruptcy Court for the Eastern District of Pennsylvania to schedule the matter for trial.